IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY B. LEIBOVITZ, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| INEX WIRELESS, INC t/a/ : | NO.: 09-cv-2078 (NS) |
| METROPCS   PENNSYLVANIA LLC : | |
| and : | |
| METROPCS WIRELESS, INC. : | |
| : | |
| Defendants. : | |

### ANSWER TO THE FIRST AMENDED COMPLAINT
### WITH AFFIRMATIVE DEFENSES

Defendants, MetroPCS Pennsylvania LLC ("MetroPCS") and MetroPCS Wireless, Inc. (collectively "Answering Defendants"), by and through their attorneys, Jackson Lewis LLP, for their answer to the First Amended Civil Action Complaint ("Amended Complaint") of Plaintiff, Jeffrey Leibovitz ("Plaintiff") state as follows:

### I. JURISDICTION

1. This paragraph sets forth a legal conclusion to which no response is required.

### II. PARTIES

2. Answering Defendants are without knowledge or information sufficient to form a belief as this is the truth of the matter set forth in Paragraph 2 and therefore, deny same.

3. Answering Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint. These allegations are directed to a Defendant other than Answering Defendants. By way of further response, Defendants specifically deny the allegation that INEX Wireless, Inc. employs more than 20 people.

4. Admitted in part; denied in part. Defendant MetroPCS Pennsylvania, LLC is a Delaware limited liability company with the registered place of service located at Corporation Service Company, 2704 Commerce Drive, Harrisburg, Pennsylvania 17110. MetroPCS Pennsylvania, LLC has a principal place of business in Pennsylvania at 510 Virginia Drive, Fort Washington, Pennsylvania 19034.

5. Denied. MetroPCS Pennsylvania, LLC contracted with Sun Telecom USA to sell its products and services. On information and belief, Sun Telecom USA, Inc. ("Sun Telecom") thereafter contracted with Defendant INEX Wireless, Inc. to operate certain stores and sell MetroPCS products and services. .

### III. FACTS

6. Denied. Answering Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 6 and accordingly, they are denied. Answering Defendants also assert that Plaintiff was hired directly by INEX Wireless, Inc. to work in the 2126 South Broad Street, Philadelphia, Pennsylvania 19145 location. Answering Defendants admit that they did not hire Plaintiff nor did they conduct any interviews of Plaintiff before Plaintiff was hired by INEX Wireless, Inc.

7. Denied as stated. Employees of MetroPCS visited the 2126 South Broad Street store to ensure that employees of the dealers received adequate training regarding the MetroPCS

products and services, to answer questions of sales representatives and ensure proper activation of products upon sale.

8. Denied. After reasonable investigation, Defendant MetroPCS Pennsylvania, LLC has determined that at least two (2) people worked at the 2126 South Broad Street location during the period July 1, 2008 through August 9, 2008, Jeffrey Leibovitz and Hoil Buyum. During the approximate five (5) week period that he was employed to sell equipment and services by INEX Wireless, Inc., Plaintiff engaged in unprofessional conduct including critizing MetroPCS and its products; and soliciting dates with MetroPCS' Account Service Representative assigned to the store.

9. Denied. After reasonable investigation, Answering Defendants have not discovered any such electronic mail directed to Mr. Henry Chae. By way of further answer, however, a MetroPCS Account Services Manager, George Fedrizzi, did issue an electronic mail message to one of the principals of Sun Telecom (Charlie Paik) on July 23, 2008. A true and correct copy of the electronic mail message is attached as Exhibit A and reflects that Mr. Leibovitz had engaged in questionable conduct. Specifically, George Fedrizzi reported that Plaintiff "had a very poor attitude about MetroPCS, and selling [its] services." An Account Service Representative (Melissa Fail) had witnessed Leibovitz "complain to customers about [MetroPCS'] products." Mr. Leibovitz also had "hounded" the Account Services Representative to go out to dinner with him.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## COUNT I

### Leibovitz v. INEX Wireless, Inc.

### Age Discrimination in Employment Act

14. Answering Defendants repeat and reallege their answers to paragraphs 1 through 13 inclusive of the Amended Complaint, as though fully set forth herein at length.

15. Denied. The allegations contained in paragraph 15 are directed to the Defendant, INEX Wireless, Inc., rather than Answering Defendants. Accordingly, these allegations are denied.

## COUNT II

### Leibovitz v. INEX Wireless, Inc.

### Pennsylvania Human Relations Act

16. Defendants repeat and reallege their answers to paragraphs 1 through 15 inclusive of the Amended Complaint, as though fully set forth herein at length.

17. Denied. The allegations contained in paragraph 17 are directed to the Defendant, INEX Wireless, Inc. rather than Answering Defendants. Accordingly, these allegations are denied.

18. Denied. The allegations contained in paragraph 18 are directed to the Defendant, INEX Wireless, Inc. rather than Answering Defendants. Accordingly, these allegations are denied.

## COUNT III

### Leibovitz v. MetroPCS Pennsylvania, LLC

**Pennsylvania Human Relations Act**

19. Defendants repeat and allege their answers to paragraphs 1 through 18 inclusive of the Amended Complaint as though fully set forth herein at length.

20. This paragraph sets forth the legal conclusion which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.

21. This paragraph sets forth the legal conclusion which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

**COUNT IV**

**Leibovitz v. MetroPCS Pennsylvania, LLC**

**Interference with Contract**.

22. Defendants repeat and reallege their answers to paragraphs 1 through 21 inclusive of the Amended Complaint, as though fully set forth herein at length.

23. This paragraph sets forth the legal conclusion which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24. This paragraph sets forth the legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 24 of the Amended Complaint.

25. This paragraph sets forth the legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 25 of the Amended Complaint.

26. This paragraph sets forth the legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27. This paragraph sets forth the legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28. This paragraph sets forth the legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in paragraph 28 of the Amended Complaint.

Defendants deny that Plaintiff, Jeffrey Leibovitz, is entitled to the relief demanded in the WHEREFORE clause of the Amended Complaint.

**WHEREFORE**, Defendants, MetroPCS Pennsylvania, LLC and MetroPCS Wireless, Inc. respectfully request that this Court:

    a. Dismiss the Amended Complaint in its entirety, with prejudice, without costs or attorneys' fees;

    b. Deny each and every demand, claim and prayer for relief contained in the Amended Complaint;

      c.      Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

      d.      Grant such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law under the Age Discrimination in Employment Act and/or the Pennsylvania Human Relations Act.

## AS AND FOR A SECOND DEFENSE

Defendant, MetroPCS Pennsylvania LLC entered into an Indirect Dealer Agreement with Sun Telecom USA, Inc. in or about February 1, 2008 in which Sun Telecom agreed to sell personal communications services and equipment to customers through six stores in the Philadelphia, Pennsylvania region. Sun Telecom selected INEX Wireless, Inc. to operate two stores under the Indirect Dealer Agreement, including the store at 2126 South Broad Street, Philadelphia, PA 19145.

## AS AND FOR A THIRD DEFENSE

Hi Yol (Henry) Chae, the President of INEX Wireless, Inc., hired Jeffrey Leibovitz to work at the South Broad Street store effective July 1, 2008. At all times material, Plaintiff was an employee of INEX Wireless, Inc.

## AS AND FOR A FOURTH DEFENSE

During the brief period of his employment, Plaintiff engaged in certain conduct including criticizing the scope of services and equipment provided by MetroPCS Pennsylvania LLC. He repeatedly invited a female MetroPCS Account Services Representative "to dinner" and attempted to persuade her to join a business venture. In response to complaints about Plaintiff's behavior, a MetroPCS Account Services Manager wrote an electronic mail message to representatives of Sun Telecom to identify the areas of conduct which MetroPCS wanted to be addressed. A true and correct copy of the July 23, 2008 electronic mail message is attached as Exhibit A.

## AS AND FOR A FIFTH DEFENSE

Plaintiff, at all times material, was an employee of INEX Wireless, Inc. That employment could be terminated by INEX Wireless for any reason and at any time, with or without cause, subject to the proscriptions under federal and state law. Mr. Chae, the President of INEX Wireless, Inc., decided to discharge Plaintiff in early August, 2008, for legitimate business reasons wholly separate from the complaints of misconduct by MetroPCS.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's Amended Complaint should be dismissed because all actions taken by Answering Defendants and Defendant, Inex Wireless, Inc. with respect to Plaintiff were

undertaken for legitimate business reasons wholly unrelated to his age or any other protected characteristics.

### AS AND FOR A SEVENTH DEFENSE

At all times relevant herein, Defendants did not violate any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A EIGHTH DEFENSE

Plaintiff has failed to join an indispensible party, Sun Telecom USA, Inc., in this litigation.

### AS AND FOR AN NINTH DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate any alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A TENTH DEFENSE

Plaintiff's claims for punitive damages are not recoverable under the Pennsylvania Human Relations Act or any or each cause of action alleged in Plaintiff's Amended Complaint.

### AS AND FOR AN ELEVENTH DEFENSE

Defendants respectfully reserve the right to amend their answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as may become necessary after a reasonable opportunity for appropriate discovery.

                        Respectfully submitted,

                        JACKSON LEWIS LLP


               By: _____/s Maria L. Petrillo_____
                     Maria L. Petrillo (PA. Atty No. 36953)
                     Validation Code: MLP1714
                     Three Parkway
                     1601 Cherry Street, Suite 1350
                     Philadelphia, Pennsylvania  19102
                     (267) 319-7802 –Telephone
                     (215) 399-2249 -Facsimile
                     ATTORNEYS FOR DEFENDANTS,
                     METROPCS PENNSYLVANIA, LLC AND
                     METROPCS WIRELESS, INC.

Dated:  March 4, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2010, I caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff, Jeffrey Leibovitz to be served via ECF as well as regular, first class mail, upon the following counsel for Plaintiff:

>Richard B. Bateman, Esquire
>12 Veterans Square
>Media, Pa. 19063
>batemanlaw@aol.com

>Respectfully submitted,
>
>JACKSON LEWIS LLP
>
>By: ___/s Maria L. Petrillo_____
>Maria L. Petrillo (PA. Atty No. 36953)
>Validation Code: MLP1714
>1601 Cherry Street, Suite 1350
>Philadelphia, Pennsylvania 19102
>(267) 319-7802-Telephone
>(215) 399-2249 -Facsimile
>ATTORNEYS FOR DEFENDANTS,
>METROPCS PENNSYLVANIA, LLC AND
>METROPCS WIRELESS, INC.

4840-5510-2981, v. 1